CLEMENT SETH ROBERTS (SBN 209203)
croberts@orrick.com
RAGHAV KRISHNAPRIYAN (SBN 273411)
rkrishnapriyan@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone: +1 415 773 5700
Facsimile: +1 415 773 5759

TIMOTHY CHEN SAULSBURY (SBN 281434)
TSaulsbury@mofo.com
Joyce C. Li (SBN 323820)
JoyceLi@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco
California 94105-2482
Telephone: + 1 415 268 7000
Facsimile: +1 415 268 7522

*Attorneys for Plaintiff* GONG.IO, INC.

*Attorneys for Defendant*
HYPERDOC INC. d/b/a RECALL.AI

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| GONG.IO, INC., <br><br> Plaintiff, <br><br> v. <br><br> HYPERDOC INC. d/b/a RECALL.AI, <br><br> Defendant. | Case No. 5:25-cv-01026-NW <br><br> **JOINT INITIAL CASE MANAGEMENT STATEMENT** <br><br> Complaint Filed: January 31, 2025 |

Plaintiff Gong.io, Inc. ("Plaintiff" or "Gong") and Defendant Hyperdoc Inc., which does business as Recall.ai ("Defendant" or "Recall.ai"), hereby submit this Joint Case Management Statement in accordance with Rule26(f) of the Federal Rules of Civil Procedure, Civil Local Rule 16-9(a), and the Standing Order for All Judges of the Northern District of California, in preparation for the upcoming Case Management Conference.

**1.    Jurisdiction and Service**

This is an action for patent infringement. Plaintiff's patent infringement claims arise under the patent laws of the United States, Title 35 of the United States Code, including 35 U.S.C. § 271. This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and

1338(a). For purposes of this lawsuit, there is no dispute regarding personal jurisdiction or venue. No parties remain to be served.

**2.     Facts**

   **A.  Gong's Statement**

Founded in 2015, Gong is a leader in leveraging proprietary artificial intelligence to enable businesses to capture, analyze, and act on customer interactions through a single, integrated platform.

More than nine years ago, Gong developed an innovative method for recording videoconferencing calls (like Zoom meetings). Instead of the clunky workarounds that were common before Gong's inventions—like having one of the participants remember to run screen-recording software on their machine—Gong's solution elegantly integrated recording into the participants' workflows.  It did so by identifying upcoming videoconferences (for example, by integrating with participants' calendars) and having a *virtual participant* join and record the meeting, similar to how a human participant would.  Gong's solution neatly sidestepped the numerous problems with prior solutions: Privacy issues, the need for participants to remember to record meetings, performance degradation, and more.  Gong also came up with ways to make its innovation work seamlessly across various web conferencing platforms, allowing their customers their choice of video conferencing platforms.

For its innovations, Gong was issued U.S. Patent No. 9,699,409 (the "'409 patent"), entitled "Recording Web Conferences." The '409 patent claims priority to U.S. Patent Application No. 62/296,107, filed on February 17, 2016, and names as inventors Gong's co-founders—its current CEO and Chief Product Officer.  The '409 patent includes extensive discussion of how Gong's invention can be operationalized technically, including specific techniques, illustrative code, and application programming interface ("API") requests.[1] While a

---

[1] An API is like a menu at a restaurant consisting of requests that can be made to another app or website.  Just as a diner can order from a menu without needing to know how the food is prepared in the kitchen, an API allows one program to request that another perform a certain action without needing details on how that will be accomplished.

human might interact with a graphical user interface to join a videoconference by moving a cursor and clicking on buttons, the '409 patent teaches emulating those interactions using techniques that can be implemented in software.

Gong filed this patent infringement lawsuit because Recall.ai makes infringing software that directly competes with Gong. Recall.ai makes what it calls a "unified API for meeting bots," allowing the creation of bots that identify video meetings (including through integrating with the participants' calendars), join the meeting using techniques that emulate a human's interactions with a graphical user interface (including by using techniques specifically taught in the '409 patent for doing so), and record the meetings. Recall.ai markets its products and services in the same space that Gong has long been active in.

Prior to filing suit, Gong engaged Recall.ai in more than four months of discussion to see if this dispute could be resolved without litigation. During that time, Recall.ai made no attempt to articulate any reason why it did not infringe the '409 patent. Only after the lawsuit was filed did Recall.ai advance a new, made-for-litigation noninfringement theory—one guilty of the "cardinal sin" of limiting the claims to a particular embodiment from the written description. *Phillips v. AWH Corp.*, 415 F.3d 1303, 1320 (Fed. Cir. 2005) (en banc) (cleaned up). Recall.ai's sole argument appears to be that the claim requires simulating mouse movements or clicks, ignoring that the '409 patent specifically discloses other techniques for "emulating human interactions with a graphical user interface" that include (to quote Recall.ai's own description of its functionality below) "join[ing] conferences as a ***machine*** would (via an application programming interface or by executing a function)." ECF 1, Ex. A ('409 patent) 5:60-65, 11:15-18 (using an application programming interface); *id.* 11:10-14 (disclosing "alternative[s] to using keyboard and mouse emulation"). Recall.ai also argues in the alternative that the '409 patent claims an unpatentable abstract idea under 35 U.S.C. § 101, citing a rejection by the Patent Office involving a *different* application, after the '409 patent issued. What Recall.ai does not mention is that after Gong explained why the rejection was mistaken, the Patent Office dropped the § 101 rejection. *See* Appl. No. 15/965,929, Nov. 6, 2018 Response to Office Action at 7–8; Feb. 7, 2019 Office

- 3 -

JOINT INITIAL CASE
MANAGEMENT STATEMENT
5:25-CV-01026-NW

Action. The fact that, more than eight months after learning of the '409 patent, no meritorious excuses for continuing to infringe the '409 patent have suggested themselves to Recall.ai demonstrates that no such excuses exist.

Gong identifies the following principal factual issues in dispute:

- Whether Recall.ai's products and services infringe one or more claims of Gong's '409 patent;
- Whether Recall.ai's actions constitute direct infringement, contributory infringement, and/or induced infringement of the '409 patent;
- Whether Recall.ai's infringement of the '409 patent was willful;
- Whether the '409 patent is valid in view of prior art references or arguments identified by Recall.ai;
- The extent of damages suffered by Gong due to Recall.ai's infringement of the '409 patent;
- The amount of damages to which Gong is entitled; and
- Whether Gong is entitled to injunctive relief.

Gong reserves the right to raise additional factual issues that may arise through the course of this action.

### B. Recall.ai's Statement

Gong did not invent the idea of having a "virtual" (i.e., non-human) participant join a videoconference to record it. Rather, Gong's '409 patent is directed to a specific method of registering a "virtual participant" for a videoconference: the asserted claim (claim 1) requires "registering the virtual participant processes with the conferencing system as co-participants in the virtual conferences *by emulating human interactions with a graphical user interface*." Dkt. 1, Ex. A ('409 patent). As the '409 patent specification explains, this was Gong's solution to the problem of interoperability between different videoconferencing platforms:

> To join the conference, the recorder component 32 emulates a set of mouse clicks, key strokes and other actions that mimic a human participant joining a virtual conference. *The recorder component 32 interacts with the same user interface of the conferencing*

> *software 28 as a human user, and is interoperable with versions of conferencing software produced by many vendors*. The conferencing software 28 might be unaware that the virtual participant 30 is an automated computer process rather than a transmitter of human-initiated actions.

'409 patent at 6:65-7:7.  In other words, because the virtual participant joins the call in the same way as a human participant—by mimicking the manner in which a human would interact with a graphical user interface—the virtual participant can join a call on any videoconference platform (e.g., Zoom, Microsoft Teams, Google Meet, or Slack Huddles).  This solution thus obviated the need to tailor the recording software to be compatible with the specific registration mechanism of each distinct videoconference platform. The requirement that the virtual participant join a call "by emulating human interactions with a graphical user interface" is therefore central to Gong's invention.  In fact, during prosecution, Gong sought a broader claim without that limitation and the patent examiner rejected the claim as invalid over the prior art.[2]

Recall.ai's accused software works in a fundamentally different way.  Recall.ai does not cause its bots to join videoconferences "by emulating human interactions with a graphical user interface," as required by the '409 patent claim.  Instead, Recall.ai supports multiple distinct videoconference platforms by, for each platform, tailoring the manner in which its bots join conferences to the specific requirements of that videoconference platform—which is precisely what the '409 patent sought to avoid in requiring a virtual participant to join a call by emulating human interactions with a graphical user interface.  Indeed, the manner in which Recall.ai's bots join conferences involves no graphical user interface whatsoever; no such interface is necessary because Recall.ai's bots join conferences as a *machine* would (via an application programming interface or by executing a function), rather than by mimicking a human's interaction with a graphical user interface as claim 1 requires.[3]

Faced with Recall.ai's fundamentally different implementation, Gong has been forced to

---

[2] Appl. No. 15/275,397, Jan. 23, 2017 Non-Final Rejection and Feb. 8, 2017 Amendment/Remarks.

[3] Recall.ai explained this to Gong and even shared the source code for the relevant functionality with Gong.  Despite that evidence, Gong decided to continue pursuing its infringement claim.

interpret the '409 patent claim so broadly that the invention boils down to using a bot to record a call. Such a claim is plainly patent ineligble under black-letter Federal Circuit law holding that "collecting information, including when limited to particular content (which does not change its character as information)" is "within the realm of abstract ideas." *Elec. Power Grp., LLC v. Alstom S.A.*, 830 F.3d 1350, 1353 (Fed. Cir. 2016). Indeed, the Patent Office rejected a similar claim in a related patent application (now abandoned) as invalid under § 101 for that same reason.[4] Gong overcame that rejection by relying on (among other limitations) the requirement in the pending claim of "emulat[ing] human interactions with a user interface of the conferencing system"[5]—which is analogous to the "emulating" limitation in the '409 patent claim that Gong now attempts to read out.

In addition to the issues identified by Gong above, Recall.ai identifies the following principal factual issues in dispute:

- Whether the '409 patent claims are anticipated;
- Factual inquiries underlying obviousness;
- Whether the '409 patent claims are enabled by the patent specification;

Recall.ai reserves the right to raise additional factual issues that may arise through the course of this action.

### 3. Legal Issues

#### A. Gong's Identification of Legal Issues

Gong identifies the following disputed points of law:

- The construction of the asserted claims of the '409 patent;
- Whether Recall.ai. has directly infringed one or more claims of the '409 patent;
- Whether Recall.ai. has contributed to the infringement of one or more claims of the '409 patent;
- Whether Recall.ai has induced infringement of one or more of the claims of the '409

---

[4] Appl. No. 15/965,929, Sept. 29, 2018 Non-Final Office Action.
[5] Appl. No. 15/965,929, Nov. 6, 2018 Applicant Remarks at 7-8.

patent in violation of 35 U.S.C. § 271(b);

- Whether Recall.ai's infringement of one or more claims of the '409 patent is willful;
- Whether Recall.ai's infringement of one or more claims of the '409 patent has caused damages and irreparable harm to Gong;
- Whether Gong is entitled to relief, including injunctive relief, damages, interest, lost profits, restitution, and/or attorneys' fees.

Gong reserves the right to raise additional legal issues that may arise through the course of this action.

### B. Recall.ai's Identification of Legal Issues

In addition to the issues identified by Gong above, Recall.ai identifies the following disputed points of law:

- Whether the '409 patent claims are patent ineligible under Section 101;
- Whether the '409 patent claims lack sufficient written description;
- Obviousness of the claims of the '409 patent;
- Whether and to what extent Gong's actions during prosecution of the '409 patent and related patents give rise to estoppel;
- Whether Recall.ai is entitled to relief, including an award of its attorneys' fees, costs, and expenses.

Recall.ai reserves the right to raise additional legal issues that may arise through the course of this action.

**4.  Motions**

Recall.ai intends to file a motion to dismiss the complaint by June 16, 2025, Recall.ai's deadline to respond to the complaint. No motions are currently pending or have previously been filed. The parties may file dispositive or non-dispositive motions as further information is learned during the discovery process and as the case progresses.

### 5. Amendment of Pleadings

The parties agree that the last day to amend pleadings shall be September 26, 2025, unless modified by the Court for good cause pursuant to Rule 16(b)(4) of the Federal Rules of Civil Procedure.

### 6. Evidence Preservation

The parties have reviewed the Guidelines Relating to the Discovery of ESI and have discussed reasonable document retention procedures to preserve evidence. Each Party shall take reasonable affirmative steps to continue to preserve evidence related to the issues presented by the action.

### 7. Disclosures

Gong's Position:  Gong does not believe that discovery should be stayed "pending resolution of any motions to dismiss," as Recall.ai proposes.  Recall.ai's proposed stay, by its terms, would apply not just through resolution of its upcoming motion to dismiss, but any further such motions.  Not only would this prevent Gong from vindicating its patent rights, but putting the case on ice for an indefinite period of time as Recall.ai proposes would render it doubtful whether trial could be held within 12 to 20 months of the initial case management conference, as this Court's standing orders require. *See* Civil Standing Order at 3.

"The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending."  Singh v. Google, Inc., No. 16-CV-03734-BLF, 2016 WL 10807598, at *1 (N.D. Cal. Nov. 4, 2016) (citation omitted).  "Had the Federal Rules contemplated that a motion to dismiss under Fed. R. Civ. Pro. 12(b)(6) would stay discovery, the Rules would contain a provision to that effect.  In fact, such a notion is directly at odds with the need for expeditious resolution of litigation." *Id.* (citation omitted).  Here, a stay is particularly inappropriate for three reasons:  First, at the time of the Case Management Conference, Gong will not have responded to the motion to dismiss so the Court "cannot, by a

'preliminary peek,' assess the merits of the motion" as it typically does in ruling on a stay. *Id.* at *2. Second, as long as there is a possibility that the Court will grant leave to amend, Recall.ai's motion is not dispositive, precluding a stay. *Id.* ("[E]ven if Defendant were correct that Plaintiff's claims must be dismissed as alleged, the Court would consider whether leave to amend should be granted, rendering Google's motion not dispositive."). Third, Recall.ai has not demonstrated any unusual burden from discovery in this case that would militate in favor of departing from the default rule that discovery occur in parallel with resolution of a motion to dismiss.

Should the Court decline to stay discovery, Gong is amenable to exchanging initial disclosures on July 1, 2025.

<u>Recall.ai's Position</u>: Recall.ai believes that discovery should be stayed pending resolution of any motions to dismiss, including Recall.ai's motion to dismiss to be filed by June 16, 2025, which will be pending at the time of the Initial Case Management Conference. Recall.ai intends to move to dismiss the complaint in its entirety. Because the motion may be case dispositive, permitting discovery to begin before resolution of the motion will be inefficient and unduly burdensome. *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987) ("The purpose of F.R. Civ. P. 12(b)(6) is to enable defendants to challenge the legal sufficiency of the complaints without subjecting themselves to discovery."); *Wagh v. Metris Direct, Inc.*, 363 F.3d 821, 829 (9th Cir. 2003) ("As the court noted in its order granting the first motion to dismiss, discovery at the pleadings stage is only appropriate where factual issues are raised by a Rule 12(b) motion."). A stay of discovery pending resolution of the motion (and any subsequent motions to dismiss) would conserve both party and judicial resources by avoiding unnecessary litigation over a claim that may be dismissed at the pleadings stage.

Should the Court decline to stay discovery, Recall.ai proposed that the parties exchange initial disclosures on July 1, 2025.

**8.     Discovery**

As detailed above, Recall.ai believes that discovery should be stayed pending resolution of any motions to dismiss, including Recall.ai's motion to dismiss to be filed by June 16, 2025. Should the Court decline to stay discovery, Recall.ai agrees to the following.

The parties have agreed to electronic service by email.

ESI. The parties anticipate entering into an ESI protocol and will work together to agree on a mutually acceptable proposed order that is based on the Northern District of California's model stipulated orders.

Privilege logs. The parties agree that communications and documents covered by the attorney-client privilege and work product doctrine that post-date the filing of the complaint need not be included in any privilege log absent a finding by the Court of good cause. This provision applies only to communications involving or documents created by the parties or their counsel.

Protective order. The parties anticipate requesting a stipulated protective order pursuant to Rule 26(c). The parties have agreed that the stipulated protective order will be a modified version of the Stipulated Protective Order for Litigation Involving Patent, Highly Sensitive Confidential Information And/Or Trade Secrets.

Expert discovery. Expert discovery is governed by the Federal Rules of Civil Procedure. To the extent the below agreement deviates from the rules, it broadens (not narrows) the protections afforded to communications with, and work done by, an expert. The parties agree that the protections provided in Fed. R. Civ. P. 26(b)(4)(B) and (C) will apply to expert declarations to the same extent that they apply to expert reports, including both drafts of declarations and communications related to declarations. In accordance with Fed. R. Civ. P. 26(b)(4), draft expert reports, notes, outlines, and any other writings leading up to an expert's final report(s) are exempt

from discovery. To the extent Rule 26(b)(4)(C) does not already provide this protection, communications between a party's attorney and an expert witness that identify a fact considered, data considered, or assumption relied on need not be disclosed, so long as the expert's report identifies the respective fact, data, and assumption.

<u>Discovery Plan.</u> The parties propose to conduct discovery in accordance with the default rules of the Federal Rules of Civil Procedure and the Patent Local Rules with the following modifications:

1. Each party may serve no more than 50 requests for admission, except for authentication requests.

2. Each party may take a total of 10 non-expert depositions (including depositions of party and non-party witnesses), totaling up to 70 hours. Each party may take up to six fact depositions of party witnesses totaling up to 42 hours, including depositions taken pursuant to Rule 30(b)(6). Each deposition will presumptively be limited to 7 hours per non-expert witness. The parties agree that they will work in good faith to allow additional depositions beyond these limits if there is good cause to do so.

3. Each expert may be deposed for up to 7 hours per opening and rebuttal (but not reply or supplemental) report by that expert. For any deposition that is anticipated to exceed 7 hours, the parties will work in good faith to conduct the deposition on consecutive days where practical and reasonable in light of the subject matter, witness availability, and attorney availability.

**9.     Class Actions**

Not applicable.

**10.   Related Cases**

Not applicable.

**11.   Relief**

### A.   Gong's Requested Relief

Gong seeks damages to the extent permissible under applicable law. Gong has not yet determined the full extent and/or nature of the injuries it has suffered, and continues to suffer, as a result of Recall.ai's infringement of at least one or more claims of the '409 patent. Gong intends to seek a judgment that Recall.ai has infringed at least one or more claims of the '409 patent, literally and/or under the doctrine of equivalents. Gong also seeks a finding that Recall.ai's infringement was willful.

Gong also intends to seek an injunction enjoining Recall.ai, its officers, agents, servants, employees, and attorneys, and other persons in active concert or participation with Recall.ai, and its parents, subsidiaries, divisions, successors, and assigns, from further infringement of the '409 patent.

Gong also to seeks that this case be found exceptional under 35 U.S.C. § 285 and that Gong be awarded prejudgment and post-judgment interest, reasonable attorneys' fees, damages sufficient to compensate Gong for Recall.ai's infringement under 35 U.S.C. § 284, and costs and expenses in this action. If this Court declines to enjoin Defendant from infringing the '409 patent, Gong also intends to seek damages for future infringement in lieu of an injunction.

### B.   Recall.ai's Requested Relief

Recall.ai has not yet responded to the complaint, but expects to seek its reasonable attorneys' fees, costs, and expenses under at least 35 U.S.C. § 285.

**12.   Settlement and ADR**

The parties have complied with ADR L.R. 3-5.

**13.   Other References**

The parties agree that the case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation. The parties have declined magistrate

judge jurisdiction.

### 14. Narrowing of Issues

The parties are not currently aware of any issues that can be narrowed by agreement or by motion. The parties do not believe bifurcation of any issues is appropriate. The parties will endeavor to work together to identify suggestions to expedite presentation of evidence at trial.

### 15. Scheduling

As detailed above, Recall.ai believes that discovery should be stayed pending resolution of any motions to dismiss, including Recall.ai's motion to dismiss to be filed by June 16, 2025. Should the Court decline to stay discovery, the parties agree on the following schedule except where noted below.

| Event | Parties' Proposed Schedule |
|---|---|
| Service of initial disclosures under Rule 26(a)(1) | July 1, 2025 |
| Disclosure of Asserted Claims and Infringement Contentions (Patent L.R. 3-1 and 3-2) | July 22, 2025 |
| Invalidity Contentions (Patent L.R. 3-3 and 3-4) | September 9, 2025 |
| Exchange of Proposed Terms for Construction (Patent L.R. 4-1) | September 23, 2025 |
| Exchange of Preliminary Claim Constructions and Extrinsic Evidence (Patent L.R. 4-2) | October 14, 2025 |
| Complete ADR | 60 days after Recall.ai answers the operative complaint |
| Last day to amend pleadings | September 26, 2025 |
| Damages Contentions (Patent L.R. 3-8)[6] | October 29, 2025 |

---

[6] Pursuant to Patent L.R. 2-1(b)(5), the parties have not exchanged discovery and are therefore not yet in a position to provide a good-faith estimate of the damages range expected for the case. The parties expect to be able to provide such an estimate in their damages contentions.

| | |
|---|---|
| Joint Claim Construction and Prehearing Statement and Expert Reports (Patent L.R. 4-3) | November 12, 2025[7] |
| Responsive Damages Contentions (Patent L.R. 3-9) | December 1, 2025[8] |
| Completion of Claim Construction Discovery (Patent L.R. 4-4) | December 11, 2025 |
| Opening Claim Construction Brief (Patent L.R. 4-5(a)) | January 2, 2026 |
| Responsive Claim Construction Brief (Patent L.R. 4-5(b)) | January 16, 2026 |
| Reply Claim Construction Brief (Patent L.R. 4-5(c)) | January 23, 2026 |
| Damages Contentions Meeting (Patent L.R. 3-10) | January 27, 2026 |
| Claim Construction Hearing (Patent L.R. 4-6) | February 6, 2026, or subject to the Court's availability |
| Close of Fact Discovery (227 days before trial) | April 17, 2026 |
| Opening Expert Reports[9] (199 days before trial) | May 15, 2026 |
| Rebuttal Expert Reports[10] (171 days before trial) | June 12, 2026 |
| Reply expert reports | June 26, 2026[11] |
| Close of Expert Discovery (150 days before trial) | July 3, 2026 |

---

[7] Date modified by 1 day to accommodate Veterans Day.

[8] Date modified by 1 day to accommodate the Thanksgiving holiday.

[9] Including Gong's opening expert reports on infringement and damages, and Recall.ai's opening expert reports on invalidity, including secondary considerations of non-obviousness.

[10] Including Recall.ai's rebuttal expert reports on non-infringement and damages and Gong's rebuttal expert reports on invalidity, including secondary considerations of non-obviousness.

[11] Pursuant to the target deadlines and schedule in the Court's Standing Order for All Civil Cases Before District Judge Noël Wise, Recall.ai opposes inclusion of a date for reply expert reports. Gong believes reply expert reports are useful to crystallize the parties' positions on non-infringement and validity in advance of expert depositions.

| | |
|---|---|
| Deadline to file Summary Judgment/*Daubert Motions* (129 days before trial) | July 24, 2026 |
| Last day to hear Summary Judgment/*Daubert Motions* (75 days before trial) | September 16, 2026 |
| Joint Pretrial Conference Statement (26 days before trial) | November 4, 2026 |
| Pretrial Conference (12 days before trial) | November 18, 2026 |
| Trial | November 30, 2026 |

Pursuant to Patent L.R. 2-1(b), the parties have identified any proposed modification of the deadlines in footnotes above and provided for deadlines for claim construction discovery above. The parties believe there is the possibility that they may present live testimony at the claim construction hearing, that approximately 3 hours will be necessary for the claim construction hearing, and that the parties will educate the court on the technology at issue over the course of the hearing. To the extent these estimates change as the parties' claim construction disputes crystallize, the parties will provide the Court with an updated estimate in their Joint Claim Construction and Prehearing Statement.

### 16. Trial

Both parties have requested a jury trial on all claims so triable as a matter of right. The parties anticipate a jury trial that will last 5 days.

### 17. Disclosure of Non-party Interested Entities or Persons

Gong has filed disclosures pursuant to Civil Local Rule 3-15. Gong certifies that other than the named parties, there is no financial or non-financial interest in the subject matter in controversy for Gong to report.

Recall.ai has not responded to the Complaint and, thus, has yet to file a Certification of Conflicts and Interested Entities or Persons. Pursuant to Civil Local Rule 3-15, Recall.ai will file such Certification with its first filing or appearance, which it expects to be its response to the Complaint due June 16, 2025.

18. **Professional Conduct**

All attorneys of record have reviewed the Guidelines for Professional Conduct for the Northern District of California.

19. **Miscellaneous Issues**

The parties are not aware of miscellaneous issues.

Dated: June 3, 2025           By: /s/ Raghav Krishnapriyan
                                  Clement S. Roberts
                                  Raghav Krishnapriyan
                                  *Attorneys for GONG.IO, INC*

Dated: June 3, 2025           By: /s/ Timothy C. Saulsbury
                                  Timothy Chen Saulsbury
                                  Joyce C. Li
                                  *Attorneys for HYPERDOC INC. d/b/a RECALL.AI*

**ATTESTATION OF CONCURRENCE**

    I, Raghav Krishnapriyan, as the ECF user and filer of this document, attest that concurrence in the filing of this document has been obtained from each of the above signatories.

Dated: June 3, 2025

/s/ *Raghav Krishnapriyan*
Raghav Krishnapriyan